GEORGE R. CHRISTIAN, appellant,

*v.*

FACTORY SUPPLIES CORPORATION et al., respondents.

[Decided February 1st, 1926.]

On appeal from a decree of the court of chancery, where Vice-Chancellor Church filed the following opinion:

"These are two creditors' bills filed by judgment and execution creditors of the Factory Supplies Corporation to release two pieces of real estate which it is claimed in equity be-

longed to the corporation at all times during the existence of the debt.

"The facts in the two cases, as gleaned from the somewhat voluminous evidence, are as follows:

"Mrs. Wasserbach, being the owner of several lots on Magazine street, in the city of Newark, conveyed the property to Factory Supplies Corporation on February 25th, 1921, without consideration, to enable the corporation to execute a mortgage, including this property, to Morris Heller. The mortgage was executed by the corporation to Heller on March 4th, 1921, and on May 10th, 1922, a deed was drawn from the corporation to Mrs. Wasserbach for this property, but was not executed until November 13th, 1922. The object of this last deed was to give Mrs. Wasserbach back the title to her property.

"The complainant did not appear at the hearing. He obtained a judgment against Factory Supplies Corporation in the Essex circuit court on November 21st, 1922, for $17,-966.49; execution issued January 7th, 1923; sale held on October 2d, 1923. The sheriff executed a deed, describing the property in question as 'First Parcel,' for the consideration of $100, purporting to convey to complainant the property in question, with other property, by virtue of the execution, on the judgment against Factory Supplies Corporation.

"The facts concerning this judgment are set out in the finding of facts in the case of *George R. Christian* v. *Factory Supplies Corporation, John C. Wasserbach et al.,* tried with this case.

### SECOND SUIT.

"Factory Supplies Corporation filed its certificate of incorporation, dated June 7th, 1917, and organized under the laws of this state June 25th, 1917.

"The complainant and John C. Wasserbach were two of the incorporators. The corporation authorized the purchase of the assets of a New York corporation, among which was a factory property on Paris street, in Newark, New Jersey.

The factory property was conveyed to the Factory Supplies Corporation in April, 1918.

"On July 6th, 1920, the Lehigh Valley railroad docketed a judgment in the Essex common pleas for $490 against the Factory Supplies Corporation, also against the New York corporation, which had conveyed to the New Jersey corporation. This judgment was, on April 12th, 1922, assigned to John F. Faughnan, who caused an execution to issue November 14th, 1922. The factory property was levied upon and sold by the sheriff to Patrick W. Smith for $400. The sheriff's deed is dated January 30th, 1923. On February 19th, 1923, Patrick W. Smith conveyed this property to Cellu-Waste Company, a New Jersey corporation.

"November 21st, 1922, complainant obtained a judgment against Factory Supplies Corporation for $17,966.49 in the Essex circuit court. Execution issued January 7th, 1923; sale held and the sheriff executed his deed, purporting to convey the factory property to complainant with the other property.

"When the Factory Supplies Corporation was organized, the complainant, who had been elected treasurer and secretary, offered to show Wasserbach, who had been elected president, how to open a corporation set of books. Complainant, then a clerk in the Wall street office of Day & Heaton, went to Wasserbach's house. He there made some memoranda on slips of paper and told Wasserbach to copy the entries in a book, which is in evidence, and purports to set forth the assets, liabilities and capital of Factory Supplies Corporation, dated July 1st, 1917. In the liabilities is 'George R. Christian, $13,289.95.' This book was never used again. There was no meeting of the board of directors in connection with this book, nor had the New Jersey corporation assumed any liabilities when it bought the assets of the New York corporation. Complainant later procured from Wasserbach a note of the corporation to protect some claim complainant may have had against Wasserbach, but he had advanced no money and did not give any money to the corporation when he took the note. It was upon this note, or a

note given under similar circumstances, that complainant's judgment in the Essex circuit court is based.

"There have been two destructive fires in the factory building, and the present title holder, Cellu-Waste Company, has expended thirteen or fourteen thousand dollars upon rebuilding and equipping the plant.

"As to suit number one, I am satisfied that this property belonged to Mrs. Wasserbach. The New Jersey corporation never had title until she conveyed to it to assist it in securing a mortgage, and her conveyance was without consideration, and the corporation thereafter reconveyed to her.

"As to the second suit, there is no proof of any debt due from the Factory Supplies Corporation of New Jersey. Neither is there any proof or admission of any sum of money loaned by Christian, the complainant, to Wasserbach.

"It should be noted that Christian, who was a broker in New York, defaulted in a large amount and has departed for parts unknown.

"I cannot see that the complainant has any rights whatever in the properties in dispute, and I shall therefore advise a decree dismissing the bills."

*Mr. Stark B. Ferriss* and *Mr. William H. Osborne,* for the appellant.

*Mr. Cecil H. MacMahon,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

No. 14—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, McGLENNON, KAYS, HETFIELD, JJ.   11.

*For reversal*—PARKER, MINTURN, VAN BUSKIRK, JJ.   3.

No. 15—

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.  12.

*For reversal*—PARKER, MINTURN, JJ.  2.